UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PING S. CHU, M.D., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-06-3562 |
| § | |
| FIRST HEALTH LIFE & HEALTH § | |
| INSURANCE COMPANY, ADVANCE § | |
| PCS HEALTH, LP, ST. JOHN'S CLAIMS § | |
| ADMINISTRATION, and BLUE CROSS § | |
| BLUE SHIELD OF TEXAS, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion to Remand (Doc. No. 12). For the reasons set forth below, Plaintiff's motion is **DENIED**.

### I. BACKGROUND

Plaintiff Ping S. Chu, M.D., a health-care provider, brings this action against Defendants First Health Life & Health Insurance Company ("First Health"), Advance PCS Health, LP ("Advance PCS"), St. John's Claims Administration ("St. John's"), and Blue Cross Blue Shield of Texas ("BCBSTX") to recover amounts invoiced for medical services provided to an insured patient. The patient worked for Wal-Mart, which funds an employee health insurance plan ("the Plan" or "Wal-Mart Plan") pursuant to the Employees Retirement and Income Security Act, 29 U.S.C. § 1132 (2004) ("ERISA"). The patient sought medical services from Plaintiff, and as an out-of-network provider, Plaintiff contacted Defendants to determine whether the medical services would be covered under the Plan. Defendants' agents represented to Plaintiff that the services would be covered, so Plaintiff provided treatment to the patient.

On December 19, 2005, Plaintiff submitted claims to Defendants to collect payment for the medical services, which were performed between March and September of 2004. Defendants refused to pay because, among other reasons, the claims were not timely filed. (Def.'s Resp. Ex. E.) After Defendants failed to pay, Plaintiff filed suit in state court, purportedly not as assignee of the patient's benefit rights under the Plan, but based rather on the pre-certification representations made to him. He asserted state law claims for breach of contract, promissory estoppel, and negligent misrepresentation. Defendants maintain that Plaintiff is indeed suing as the patient's assignee and have removed the case on federal question grounds, asserting that Plaintiff's claims are completely preempted by ERISA. Defendants have also cited diversity jurisdiction as an alternative basis for removal. Plaintiff has moved for remand, arguing first, that his claims are not preempted by ERISA because he is not suing as an assignee of the insured nor making claims under the insurance policy, and second, that the amount in controversy does not exceed $75,000.

## II. ERISA PREEMPTION

Although the well-pleaded complaint rule ordinarily bars the removal of an action to federal court where, as here, a federal question is not presented on the face of the plaintiff's complaint, an action may nevertheless be removed if it falls within the narrow class of cases to which the doctrine of "complete preemption" applies. *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987). Complete preemption recognizes "that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Taylor*, 481 U.S. at 63-64. *See also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003) ("When the federal statute

completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.").

Section 502(a) of ERISA,[1] ERISA's civil enforcement mechanism, "is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Davila*, 542 U.S. at 209 (quoting *Taylor*, 481 U.S. at 65-66). As a result, state law causes of action that are "within the scope of . . . § 502(a)" are completely pre-empted and are therefore removable to federal court. *Taylor*, 481 U.S. at 66. In its most recent analysis of ERISA preemption, the Supreme Court explained that a cause of action is completely preempted by ERISA if (1) the plaintiff, at some point in time, could have brought his claim under § 502(a), and (2) there is no other independent legal duty that is implicated by defendant's actions. *Davila*, 542 U.S. at 210.

Plaintiff contends that his state law claims for breach of contract, promissory estoppel, and negligent misrepresentation are not completely preempted by ERISA. Specifically, Plaintiff maintains that he has sued Defendants in his personal capacity pursuant to a valid oral contract and representations unrelated to the ERISA plan, and not as an assignee of the beneficiary. Plaintiff contends, therefore, that because his state law claims do not relate to an employee benefit plan, they are not preempted by ERISA. This contention is without merit.

The first prong of the *Davila* test requires the Court to determine whether Plaintiff could have brought his claim under § 502(a). Generally, a health care provider has standing to sue under § 502(a) as an assignee of a participant or beneficiary. *See, e.g., Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 n.7 (3d Cir. 2004). In this

---

[1] Section 502(a) provides that a "civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan. . . ." 29 U.S.C. § 1132(a) (2004).

case, Plaintiff maintains that he is not suing as his patient's assignee, but it is clear the patient did in fact assign his rights under the Plan to Plaintiff. (Def.'s Resp. Ex. D at Box 13.) Thus, Plaintiff could have sued under § 502(a) of ERISA as an assignee, so the first element of the *Davila* complete preemption test is satisfied.

The second prong of the *Davila* test asks whether there is any other independent legal duty that supports a state law claim. A legal duty is not independent of ERISA if it "derives entirely from the particular rights and obligations established by [ERISA] benefit plans." *Davila*, 542 U.S. at 210.

In this case, it is clear that Plaintiff's breach of contract claim derives entirely from the specific rights and obligations established by the Plan. Defendants' refusal to pay the amounts invoiced by Plaintiff was based not on a blanket denial of coverage under the Plan (which might have constituted a breach of an independent oral contract), but rather on the terms of the Plan requiring the timely filing of claims.[2] Thus, if Plaintiff is indeed entitled to additional payments from Defendants, it will be because of the terms of the Plan, not because of any alleged oral contract between Plaintiff and Defendants. Since resolution of the breach of contract claim requires interpretation of the Plan to determine whether the claims were timely filed, the Plan itself is the basis of Plaintiff's breach of contract claim. That claim is therefore preempted by ERISA.

Plaintiff's promissory estoppel and negligent misrepresentation claims also derive entirely from the rights and benefits established by the Plan. Defendants refused to pay Plaintiff's claims not because they denied that coverage existed, but because they asserted that

---

[2] The Plan lists "Late Claims" as charges not covered, defining them as "[c]harges received more than 12 months past the date of service, or 18 months past the date of service if coordinating benefits with other plans, including prescriptions." (Def.'s Resp. Ex. C at 80.) In addition, the Plan reiterates in its "Filing a Claim" section that "[f]ailure by you or a provider of service to submit charges for medical services within 12 months after the date of service will result in the denial of your claim . . . ." (Def.'s Resp. Ex. C at 84).

Plaintiff did not comply with the terms of the Plan governing timely filings. Thus, any claim for promissory estoppel or negligent misrepresentation must be based on alleged misrepresentations of the terms of the Plan. These claims are consequently preempted by ERISA.

### III. DIVERSITY

Defendants alternatively assert that removal is proper on the basis of diversity. However, because Defendants have demonstrated that at least one of Plaintiff's claims is completely preempted by ERISA, the Court need not address this argument.

### IV. CONCLUSION

Because Plaintiff's state law claims for breach of contract, promissory estoppel, and negligent misrepresentation are completely preempted by ERISA, Plaintiff's motion to remand is **DENIED**. Plaintiff may file an amended complaint asserting ERISA claims by **August 27, 2007**.

**IT IS SO ORDERED.**

**SIGNED** this 31st day of July, 2007.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT